United States District Court
District Of Maryland

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

June 25, 2013

MEMORANDUM TO COUNSEL

    Re:   *A-PINN Contracting, LLC, et al. v. Miller Pipeline, LLC, et al.*,
            Civil Action No. ELH-13-0664

Dear Counsel:

      Plaintiffs A-PINN Contracting, LLC, and Eugene Pinder filed the Complaint in this matter on March 1, 2013 (ECF 1), and an Amended Complaint on April 24, 2013 (ECF 26), naming as defendants Ventresca Enterprises, Inc. ("Ventresca"), Midas Utilities, Inc. ("Midas"), Miller Pipeline, LLC ("Miller"), and three John Doe defendants. Ventresca and Midas filed a joint motion to dismiss on May 7, 2013 (ECF 27), and Miller filed a motion to dismiss on May 8, 2013 (ECF 28).

      On May 21, 2013, plaintiffs and Miller filed a joint Stipulation of Dismissal Without Prejudice (ECF 29), pursuant to Fed. R. Civ. P. 41(a)(1), stipulating "to the dismissal of all claims against Defendant Miller Pipeline, LLC, without prejudice." Thereafter, on May 22, 2013, plaintiffs filed a Motion to Dismiss Without Prejudice ("Motion, ECF 30), pursuant to Fed. R. Civ. P. 41(a)(2), as to the remaining defendants, and indicating that Midas and Ventresca "have opposed the entry of a Joint Stipulation of Dismissal Without Prejudice." ECF 30 ¶ 5. I stayed the briefing as to the defendants' motions to dismiss, pending resolution of plaintiffs' Motion. The Motion is now fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6.

      The parties have addressed whether dismissal is proper under Fed. R. Civ. P. 41(a)(2). However, I need not resolve their contentions, because dismissal is proper under Fed. R. Civ. P. 41(a)(1)(i).

      Fed. R. Civ. P. 41(a)(1)(i) provides that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(i) "is available as a matter of unconditional right, and is self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (internal citations omitted); *see also In re Matthews*, 395 F.3d 477, 480 (4th Cir. 2005). Dismissal under this Rule is available even if the defendant has "expended considerable time and effort" in the case. *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997).

The Rule is plainly applicable here. Neither Midas nor Ventresca has served "an answer or a motion for summary judgment." Instead, they have filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). However, a Rule 12(b)(6) motion to dismiss does not qualify as either an answer or a motion for summary judgment for purposes of Fed. R. Civ. P. 41(a)(1)(i). *Finley*, 109 F.3d at 995-97 (holding that defendant's 12(b)(6) motion to dismiss did not preclude plaintiff's voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(i)); *see also Marex*, 544 F.3d at 546-47 ("When [plaintiff] filed its notice of dismissal, [defendant] had not filed an answer or a motion for summary judgment and under Rule 41(a)(1)(i) the action was terminated . . . .").

Under the plain language of Fed. R. Civ. P. 41(a)(1)(i) the action is subject to dismissal by plaintiffs, without defendants' consent or my approval. Accordingly, I will construe plaintiffs' Motion as a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(i), and the complaint is dismissed, without prejudice, as to defendants Ventresca and Midas.

Despite the informal nature of this letter, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge